FILED
CLERK, U.S. DISTRICT COURT

05/13/2014

CENTRAL DISTRICT OF CALIFORNIA
BY:        AP        DEPUTY

Nicholas Ghafouria #45485-048
Federal Correctional Institution #2
Post Office Box 3850
Adelanto, California 92301

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NICHOLAS GHAFOURIA )
                   )  Case No. CV14-03387 CBM(CWx)
            Plaintiff, )
    v.             )
                   )
MAREL A. GERMAIN d,b,a, )  COMPLAINT
President of Credit Bureau Central )
                   )
            Defendant. )

LODGED
CLERK, U.S. DISTRICT COURT

MAY − 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**A.**                    JURISDICTION

1.   This is an action that alleges that this court has federal question

jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a.   The Plaintiff is an individual residing in and a citizen of the State of

California;

b.   The defendant is a corporation organized and existing under the laws of

the State of Nevada, with its principle place of business in Las Vegas, Nevada;

c.   There is a complete diversity of citizenship between plaintiff and the defendant.

**B.**                    DEFINITIONS

2.   The plaintiff, Nicholas Ghafouria is a "consumer" as defined by 15 U.S.C.

§ 1692a(3), as "any natural person obligated or allegedly obligated to pay any debt".

3.   The defendant, Credit Bureau Central is a "debt collector" as defined by

15 U.S.C. § 1692a(6), as "any person who uses any instrumentality of interstate

commerce or the mails in any business the principle purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly,

any debts owed or due or asserted to be owed or due to another."

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 2 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

C.                                  STATEMENT OF THE CASE

4.   On February 12, 2014, plaintiff obtained a copy of his credit report from "TransUnion Corp.", which revealed that "Credit Bureau Central" ("defendant") had placed an entry on plaintiffs credit report which communicated that plaintiff allegedly had three (3) accounts in default with the defendant in the amounts of:

    **a.**  Medical Lien - $549.ºº - 09/13/2007

    **b.**  Water Bill - $249.ºº - 09/19/2007

    **c.**  Energy Bill - $4014.ºº - 09/03/2008   **"See Exhibit A"**

5.   The accounts were allegedly assigned to the defendant by various creditors.

6.   On March 24, 2014, defendant took receipt of plaintiffs "Notice of Administrative Relief", requesting that defendant validate the alleged debt, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt, which is attached as **"Exhibit B"**. It should also be noted that the defendant refused to respond to plaintiffs validation request.

D.                                       CLAIM ONE

7.   Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when he reported to TransUnion Corp., Equifax Information Services, and Experian Information Solutions that plaintiff is in default with the defendant for the above stated amounts through assignment from various creditors. **"See Exhibit A"**. Snyder v. Gordon, U.S. LEXIS 120659, (9th Cir. 2012) which states "a misstatement, whether unintentional or false representation of the character, amount, or legal status of any debt is prohibited by the "FDCPA" and constitutes a violation of the "Act" as a matter of law". The defendant intended to manipulate the plaintiff by falsely representing the alleged debt, which is a violation of the Fair Debt Collections Practices Act ("FDCPA").

8.   Plaintiff hereby seeks damages in the amount of $1,000ºº for each violation of 15 U.S.C. § 1692e(2)(A) made by defendant.

E.                                    <u>CLAIM TWO</u>

9.   Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(8)
of the Fair Debt Collections Practices Act when he communicated false information
concerning the alleged debts the plaintiff never owed to the defendant, nor had the
alleged debts been assigned to the defendant.  The defendant communicated to
TransUnion Corp., Equifax Information Services, and Experian Information Solutions
false information, stating that Credit Bureau Central had been assigned to collect
said debts from the plaintiff, and plaintiff was in default to defendant.  **See Exhibit A"**

10.   Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007)
states, "in order to substain a section 1692e(8) claim, a party must show that a debt
collector communicated or threatened to communicate credit information which they
knew or should have known was false, including failing to communicate that debt was
disputed".  Credit Bureau Central never had a valid assignment authorizing them to
pursue and report to credit bureaus alleged debts associated with the plaintiff.

11.   Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for
each violation of 15 U.S.C. § 1692e(8) made by defendant.

F.                                    <u>CLAIM THREE</u>

12.   Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(10)
of the Fair Debt Collections Practices Act when he used false and deceptive means to
attempt to collect debts from the plaintiff.  By communicating false information, the
defendant attempted to gain an advantage of an unsophisticated consumer through the
false misrepresentation.

13.   Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS 27057
(9th Cir. 2013) states, "A debt collector violates [section 1692e(10) if it 'use[s]...
a false representation or deceptive means to collect or attempt to collect any debt
or to obtain information concerning a consumer ("a debt collectors representation
that a debt os owed to it when in fact is not, amounts to a misrepresentation barred

Page 3 of 7

1  by the ("FDCPA").

2      14.  Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each

3  violation of 15 U.S.C. § 1692e(10) made by the defendant.

4  G.                              **CLAIM FOUR**

5      15.  Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(12)

6  of the Fair Debt Collections Practices Act when he communicated the false representation

7  that the alleged accounts were turned over to Credit Bureau Central for value to

8  TransUnion Corp., Equifax Information Services, and Experian Information Solutions.

9  **See "Exhibit A"**.  Defendant never received valid assignment to pursue or report to

10  credit bureaus alleged debts associated with the plaintiff.

11      16.  Fortunato v. Hopp Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012)

12  states, "Section 1692e(12) prohibits the false representation or implication that

13  accounts have been turned over to innocent purchasers for value", when determining

14  whether a misrepresentation in a debt collection has been made, the court must apply

15  the "least sophisticated debtor" standard and make a determination as to whether the

16  debtor would be "deceived or mislead by the misrepresentation", quoting Wade v. Reg'l

17  Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

18      17.  Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each

19  violation of 15 U.S.C. § 1692e(12) made by the defendant.

20  H.                              **CLAIM FIVE**

21      18.  Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692f(1)

22  of the Fair Debt Collections Practices Act when he used unconscionable means to attempt

23  to collect alleged debts by reporting to TransUnion Corp., Equifax Information Services,

24  and Experian Inforamtion Solutions that Credit Bureau Central had obtained legal

25  permission, documented by a valid assignment, that plaintiff was now in default with

26  debts owed to the defendant with the attempt to force the plaintiff to pay monies

27  allegedly owed.

19. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount(including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law". Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

20. Plaintiff hereby seeks statutory damages in the amount of $1,000$^{00}$ for each violation of 15 U.S.C. § 1692f(1) made by the defendant.

I. **CLAIM SIX**

21. Plaintiff asserts that the defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. Defendant took receipt of plaintiffs "Notice of Administrative Remedy" where plaintiff requested that defendant provide the original creditors name and address, and verification of the alleged assignment or documents that gives Credit Bureau Central the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. Defendant took receipt of plaintiffs request through certified mail receipt, which is attached as **"Exhibit B"**.

22. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector". Plaintiff was originally made aware of Credit Bureau Central's alleged assignment of the alleged

debts when plaintiff received credit report on February 12, 2014.  By Credit Bureau
Central refusing to communicate with plaintiff regarding the original creditor and the
alleged assignment or the documents granting the defendant the right to report to
credit reporting agencies that defendant legally obtained the alleged debts, the
defendant is in violation of section 1692g(b).

23.  Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each
violation of 15 U.S.C. § 1692g(b) made by the defendant.

J.                              <u>DAMAGES</u>

24.  15 U.S.C. § 1692k – Civil Liability – (a) Amount of Damages – Except as
otherwise prohibited by this section, any debt collector who fails to comply with any
provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable
to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court
may allow, but not exceeding $1,000.00.

K.                         <u>REQUESTED RELIEF</u>

<u>CLAIM ONE:</u>  For the violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA") – $1,000.00
for each of the three (3) alleged debts defendant reported to TransUnion Corp., Equifax
Information Services, and Experian Information Solutions, and $1,000.00 for each of the
credit reporting agencies the false representation was reported to.

<u>Total Damages:</u> – $6,000.00

<u>CLAIM TWO:</u>  For violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") – $1,000.00 for  each
of the three (3) alleged debts that was falsely reported to TransUnion Corp., Equifax
Information Services, and Experian Information Solutions, and $1,000.00 for each of the
credit reporting agencies the false information was reported to.

<u>Total Damages:</u> – $6,000.00

<u>CLAIM THREE:</u>  For violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") – $1,000.00 for
each of the three (3) alleged debts that defendant communicated false information

about to TransUnion Corp., Equifax Information Services, and Experian Information Solutions, and $1,000.00 for each of the credit reporting agencies the false information was communicated to.

**Total Damages: – $6,000.00**

**CLAIM FOUR:**  For the violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") – $1,000.00 for each of the three (3) alleged debts defendant made a false representation to TransUnion Corp., Equifax Information Services, and Experian Information Solutions, and $1,000.00 for each of the credit reporting agencies the false representation was made to concerning the alleged debts.

**Total Damages: – $6,000.00**

**CLAIM FIVE:** For the violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") – $1,000.00 for each of the three (3) alleged debts defendant used unconscionable means to collect the alleged debts from the plaintiff, and $1,000.00 for each of the credit reporting agencies, which includes TransUnion Corp., Equifax Information Services, and Experian Information Solutions.

**Total Damages: – $6,000.00**

**CLAIM SIX:**  For the violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") – $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three(3) credit reporting agencies, which includes TransUnion Corp., Equifax Information Services, and Experian Information Solutions.

**Total Damages: – $1,000.00**

25.  The total amount of damages requested by the plaintiff is $31,350.00.

26.  The $350.00 added is for court costs associated with this action.

I, Nicholas Ghafouria, hereby declare under the penalty of perjury, California State Law, the information stated above and on any attachments to this form are true and correct.

Dated: April 25, 2014  By _____
                          Nicholas Ghafouria

Page 7 of 7

"EXHIBITS A AND B"

| | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 | 01/2009 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | COL | COL | COL | COL | COL | COL | COL | COL |

| | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 | 04/2008 | 03/2008 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | COL | COL | COL | COL | COL | COL | C/O | C/O | C/O | C/O |

| | 02/2008 | 01/2008 | 12/2007 | 11/2007 | 10/2007 | 09/2007 | 08/2007 | 07/2007 | 06/2007 | 05/2007 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

**ALLIED COLLECTION SVCS  #27174****
6080 S DURANGO DR #208
LAS VEGAS, NV 89113-9186
(702) 737-5506

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 02/20/2012 | Balance: | $396 | Pay Status:     >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 05/05/2012 | |
| Account Type: | Open Account | Original Amount: | $398 | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-EPMG UNIVERSITY MEDICAL | |
| | | Past Due: | >$396< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 05/2014

**BYL COLLECTION SERVICES  #13916****
201 LACEY STREET
WEST CHESTER, PA 19382
(877) 840-8102

| | | | | |
|---|---|---|---|---|
| Placed for Collection: | 09/03/2008 | Balance: | $365 | Pay Status:     >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/06/2014 | |
| Account Type: | Open Account | Original Amount: | $365 | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | SOUTHWEST GAS CORPORATION (Utilities) | |
| | | Past Due: | >$365< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 08/2015

**CORNERSTONE CREDIT SERVI  #909096000175****
PO BOX 92060
ANCHORAGE, AK 99509-2090
(907) 770-8105

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 12/01/2009 | Balance: | $434 | Pay Status:     >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/31/2014 | |
| Account Type: | Open Account | Original Amount: | $297 | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-MAT SU EMERGENCY MEDICINE (Medical/Health Care) | |
| | | Past Due: | >$434< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 08/2016

**CREDIT BUREAU CENTRAL  #9A393****

"EXHIBIT A"

PO BOX 29299
LAS VEGAS, NV 89126-9299
(702) 871-6122

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 09/13/2007 | Balance: | $549 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/01/2014 | | |
| Account Type: | Open Account | Original Amount: | $549 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-L V EMS CITY 3 (Medical/Health Care) | | |
| | | Past Due: | >$549< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 05/2014

### CREDIT BUREAU CENTRAL  #9A394****
PO BOX 29299
LAS VEGAS, NV 89126-9299
(702) 871-6122

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 09/19/2007 | Balance: | $249 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/01/2014 | | |
| Account Type: | Open Account | Original Amount: | $249 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | L V VALLEY WATER DIST (Utilities) | | |
| | | Past Due: | >$249< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2014

### CREDIT BUREAU CENTRAL  #9A418****
PO BOX 29299
LAS VEGAS, NV 89126-9299
(702) 871-6122

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 09/03/2008 | Balance: | $4,014 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/01/2014 | | |
| Account Type: | Open Account | Original Amount: | $4,014 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | NVENERGY (Utilities) | | |
| | | Past Due: | >$4,014< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 03/2015

### FEDERAL BOND COLLECTION  #17360****
200 BYBERRY ROSTE 120
HATBORO, PA 19040-3739
(866) 594-8669

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 11/21/2013 | Balance: | $396 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 01/12/2014 | | |
| Account Type: | Open Account | Original Amount: | $396 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-EPWG UNIVERSITY MEDICAL CENTER (Medical/Health Care) | | |
| | | Past Due: | >$396< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 04/2014

### I/C SYSTEMS COLLECTIONS  #3686232***
PO BOX 64378
SAINT PAUL, MN 55164-0378
(888) 735-0516

"EXHIBIT A"

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Marel A. Germain, President
Credit Bureau Central
2980 S. Jones Blvd Suite A
Las Vegas, Nevada 89146

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Christ Thompson*          ☐ Agent
                             ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery
*Christine Thompson*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Nicholas Ghafouria #45485-048
Federal Correctional Institution #2
P.O. Box 3850
Adelanto, CA 92301

"EXHIBIT B"



NICHOLAS CHAFOURIA #45485-048
FEDERAL CORRECTIONAL INSTITUTION #2
POST OFFICE BOX 3850
ADELANTO, CALIFORNIA 92301

UNITED STATES DISTRICT COURT
Central district of california
312 N. SPRING ST.,  ROOM G-8
LOS ANGELES, CALIFORNIA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 28 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 28 2014

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY